**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Las Vegas Chinese News Network Corporation,

Plaintiff,

v.

Sunshine Publishing, Inc., et al.,

Defendants.

Case No. 2:26-cv-01304-JCM-NJK

**Order**

[Docket No. 21]

Pending before the Court is Defendants' motion to extend case management deadlines by five months. Docket No. 21. Plaintiff filed a response in opposition. Docket No. 24. No reply was permitted. *See* Docket No. 23.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). "The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. 2022). The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of

relief." *Johnson*, 975 F.2d at 609. When diligence has not been shown in support of an extension request, "the inquiry should end." *Id.*[1]

Defendants seek an extension of the discovery deadlines for two reasons: (1) Defendants' counsel entered his appearance on October 8, 2026, and he therefore requires more time to evaluate the record and pursue follow up discovery; and (2) Defendants' counsel has previously scheduled international travel between January 15, 2027, and February 22, 2027.[2] Docket No. 21 at 2-3. These reasons, however, fail to constitute good cause. Local Rule IA 11-6(c) clearly states that an attorney's appearance in a case constitutes acceptance of current deadlines unless a concurrent request for extension is filed. Defendants' counsel failed to make such a request. *See* Docket.

Further, though Defendants' attorney uses the date that he entered his appearance in this case to demonstrate that he needs an extension of the deadlines, he was actually retained on this case nearly a month earlier. On September 10, 2026, Defendants' current attorney sent an email to Plaintiff's counsel, stating that his firm had been retained in the instant case and that he would file his notice of appearance "within a week."[3] Docket No. 24-2 at 2. Defendants offer no explanation for the month-long delay between the retention of counsel and counsel's entry of appearance or the failure to "review the record and discovery obligations, confer with clients, investigate potential evidence, prepare appropriate discovery responses, and determine and pursue necessary affirmative discovery" during that time. Docket No. 21 at 2.

Additionally, the Court cannot find that Defendants have diligently engaged in discovery. The Court entered the scheduling order in the instant case on July 7, 2026. Docket No. 17.

---

[1] The Ninth Circuit has emphasized the importance of scheduling orders, *see Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2011) (collecting cases), and has stated bluntly that Rule 16 scheduling orders must "be taken seriously," *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).

[2] Although Defendants' counsel is silent on this issue, it is implausible that he did not know of this impending trip when he entered his appearance.

[3] As Defendants' attorney noted at the time, even a September 10, 2026, notice of appearance violated the Court's order requiring the appearance of counsel for the corporate defendant and either the appearance of counsel or a notice of intent to proceed *pro se* by the individual defendant, no later than September 2, 2026. Docket No. 24-2 at 2. *See also* Docket No. 19.

Nonetheless, as of October 16, 2026, when Defendants filed the instant motion, they had conducted no affirmative discovery. Docket No. 21 at 3. *See Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1178 (2022) ("A complete failure to engage in the discovery process is antithetical to the diligence requirement"); *see also Whitfield v. Levi Strauss & Co.*, 2026 U.S. Dist. LEXIS 8924, *2 (2026); *Rhaburn-Perez v. Padilla*, 2026 U.S. Dist. LEXIS 108733, *3 (2026).

As the Court has found that Defendants did not diligently engage in discovery, the analysis ends there. Nonetheless, in the interest of resolving this case on its merits and as a one-time courtesy, the Court will grant a 30-day extension of the subject deadlines.

Accordingly, the Court **GRANTS** in part and **DENIES** in part Defendants' motion. Docket No. 21. The Court **RESETS** case management deadlines as follows:

- Initial experts: November 23, 2026
- Rebuttal experts: December 23, 2026
- Discovery cutoff: January 22, 2027
- Dispositive motions: February 22, 2027
- Joint proposed pretrial order: March 24, 2027, or 30 days after the resolution of dispositive motions

**No further extensions will be granted**.

IT IS SO ORDERED.

Dated: October 20, 2026

Nancy J. Koppe
United States Magistrate Judge